**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez,              ) | No. CV 09-0957-PHX-MHM (MHB) |
|       Plaintiff,           ) | **ORDER** |
| vs.                        ) | |
| Corrections Corp. of America, et al., ) | |
|       Defendants.          ) | |

Plaintiff David Torrez, a California inmate who is confined in the La Palma Correctional Center, a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] "Doc.#" refers to the docket number of filings in this case.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

Plaintiff alleges five counts for excessive force, threats to safety, violation of privacy, fraud, and negligence. He sues CCA and the following La Palma Correctional Center (LPCC) employees: Warden DeRosa; Health Service Administrator Burnett; Unit Manager Meier; Lieutenant Johnson, and an unknown officer. He seeks injunctive, compensatory, and punitive relief.

Plaintiff's claims all center on the following allegations: On September 13, 2008, Plaintiff was forced to submit to testing for tuberculosis after Defendants Meier, Johnson, and an unknown officer verbally threatened to physically restrain him and put him in segregation if he refused to comply with instructions for the testing.[2] Meier's "combative

---

[2] A policy of the California Department of Corrections and Rehabilitation, which is based upon California state law, requires that all California inmates be given skin tests to detect latent tuberculosis. See Johnson v. Sherman, No. S-04-2255-LKK-EFB-P, 2007 WL 1029856 at * 2, n.1 (E. D. Cal. April 2, 2007).

language" resulted in hostility between inmates and staff resulting in a threat of riot, thereby exposing Plaintiff to danger. (Doc.# 1 at 5.) Johnson and the unknown officer verbally supported Meier's statements and failed to diffuse the situation. Despite his objections to the testing, Plaintiff acquiesced due to the threats of physical restraint and segregation if he refused. Meier and Johnson stood by while Plaintiff was injected, which Plaintiff claims violated his privacy rights. Burnett allegedly failed to inform staff that inmates had the right to refuse medical treatment, i.e., tuberculosis testing. Plaintiff's consent to the tuberculosis testing was fraudulently obtained because he was not provided with an accurate Intake Teaching Packet (ITP) and adequate time to review the ITP before the test. Burnett neglected to ensure that the ITP actually included tuberculosis information, rather than merely indicating that it did. Burnett and DeRosa neglected to ensure that inmates' rights were not violated and failed to timely resolve grievances.

## IV.   **Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Further, negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002).

### A.   CCA

Plaintiff seeks relief against CCA, a private corporation, for federal constitutional or

statutory violations under § 1983.[3] There are four criteria to find state action by a private actor for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003). Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz, 276 F.3d 550, 554-555 (9th Cir. 2002). A privately owned corporation that operates prisons pursuant to a contract with a state performs a public function that is traditionally the exclusive prerogative of the state. To state a claim under § 1983 against a private entity performing a traditional public function, however, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F. Supp. 2d 316, 319 (D. Me. 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982).

CCA performs a public function, i.e., operating a prison. Plaintiff fails, however, to allege facts to support when, where, or how CCA promulgated or endorsed policies or customs that resulted in a violation of Plaintiff's federal constitutional or statutory rights. For that reason, Plaintiff fails to state a claim under § 1983 against CCA in his Complaint and CCA will be dismissed.

**B.     Excessive Force**

Plaintiff designates Count I as a claim for excessive force by an officer. The Eighth Amendment applies to excessive force claims of convicted inmates. See Hudson v.

---

[3] Plaintiff lists CCA as a Defendant on page one of his Complaint, although he does not list it as a Defendant on page 2.

McMillian, 503 U.S. 1, 7 (1992); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Officials acting under color of state law may not maliciously and sadistically use force for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992); Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005). To state a claim for excessive force, an inmate must allege facts to support that an official used or caused to be used objectively unreasonable force against the inmate. See Brosseau v. Haugen, 543 U.S. 194, 197 (2004). However, "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Plaintiff alleges that Meier, Johnson, and an unknown officer threatened physical restraint and segregation if he refused to take the PPD test for tuberculosis. He alleges that Burnett failed to establish policies in the clinic to ensure the rights of inmates who refused to take the PPD test. He alleges that DeRosa failed to ensure that staff followed guidelines to protect inmate rights.

Numerous decisions have upheld the constitutionality of segregating inmates who refuse to take a PPD skin test from the general prison population. See, e.g., Africa v. Horn, 998 F. Supp. 557, 560 (D. Pa. 1998) (determining that prison's decision to segregate an inmate who refused to take a PPD skin test for a year did not violate the prisoner's constitutional rights); Westbrook v. Wilson, 896 F.Supp. 504, 505 (D. Md. 1995) (finding constitutionally permissible to segregate a prisoner who refused to take a PPD skin test). Plaintiff fails to allege any facts to support that physical force was used against him, much less excessive physical force. As to Burnett and DeRosa, Plaintiff's allegations are vague and conclusory and completely fail to allege facts to support the use of excessive force. For these reasons, Plaintiff fails to state a claim for excessive force.

**C.     Threats to Safety**

In Count II, Plaintiff alleges that Meier used combative language that caused hostility between inmates and officers and that Johnson and an unknown officer verbally supported Meier's statements. Plaintiff asserts that his safety was thereby threatened by the potential

for a riot.

Prison officials are required to take reasonable measures to guarantee the safety of inmates and have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id.; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff fails to allege facts to support that any Defendant knew of, but disregarded, a substantial threat to Plaintiff's safety. That is, he fails to allege that Meier, Johnson, or the other officer knew or should have known that Meier's statements to the inmates posed a substantial risk to Plaintiff's safety, but acted with deliberate indifference to that risk. Plaintiff therefore fails to state a claim for threats to his safety.

**D.     Privacy**

In Count III, Plaintiff alleges that Meier and Johnson stood by while he was tested for tuberculosis and that Burnett failed to inform staff of inmates' rights to refuse the testing or to provide medical counseling or alternative resolution for objections to the tests. Plaintiff alleges these Defendants thereby violated his right to privacy.

"The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate expectation of privacy" that has been "invaded by government action." Hudson, 468 U.S. at 525 (quotation omitted); see also Bell v. Wolfish, 441 U.S. 520, 557 (1979). "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance

of inmates and their cells required to ensure institutional security and internal order." Hudson, 468 U.S. at 527-28. Furthermore, any restriction on an inmate's privacy interests is justified to the extent that it is "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). Nevertheless, inmates have a "right to bodily privacy." Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir. 1992); see Hydrick v. Hunter, 500 F.3d 978, 1000 (9th Cir. 2007). The state, however, may restrict this right "to the extent necessary to further the correctional system's legitimate goals and policies." Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985). Preventing disease and protecting the health of inmates are legitimate penological goals. See, e.g., Thompson v. City of Los Angeles, 885 F.2d 1439, 1447 (9th Cir.1989). Further, tuberculosis is recognized as a highly contagious disease in prison populations. Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). The plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (citations omitted).

Plaintiff fails to describe any facts to support that he had an expectation of privacy in the administration of a tuberculosis test or facts to support that Meier and Johnson observed the test for reasons that were not reasonably related to legitimate penological interests. Plaintiff fails to allege any facts to support how Burnett's alleged failure to inform staff of inmates' rights or to provide medical counseling or alternative resolution to objections to the testing violated any expectation of privacy. For these reasons, Plaintiff fails to state a claim for violation of his privacy rights.

**E.     Fraud and Negligence**

In Count IV, Plaintiff alleges that Meier, Johnson, and an unknown officer fraudulently induced him to sign a statement and acknowledgment regarding the testing. He alleges that Burnett failed to ensure the accuracy of the ITP, which caused his acknowledgment to be fraudulent. In Count V, Plaintiff alleges that Burnett neglected to ensure that the ITP included information regarding tuberculosis testing and failed to instruct staff on the inmate refusal policy. He alleges that DeRosa neglected his responsibility to

train security staff regarding proper intake procedures. He alleges that Burnett and DeRosa neglected their responsibilities to ensure that inmates' rights were not violated and to resolve grievances in a timely matter.

Relief under § 1983 may only be obtained for violations of federal constitutional or statutory rights. Neither fraud, nor negligence, rise to the level of a federal constitutional or statutory violation. Both Counts IV and V will be dismissed for failure to state a claim.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint is **dismissed** for failure to state a claim. (Doc.# 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 9th day of June, 2009.

_____
Mary H. Murguia
United States District Judge