**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez, | No. CV 09-0957-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corp. of America, et al., | |
| Defendants. | |

Plaintiff David Torrez, a California inmate who is confined in the La Palma Correctional Center, a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] In an Order filed on June 11, 2009, the Court dismissed the Complaint with leave to amend within 30 days. (Doc.# 4.) On July 2, 2009, Plaintiff filed a motion for an extension of time until August 9, 2009 in which to file an amended complaint due to a lock-down of his facility that prevented him from accessing the law library. (Doc.# 6.) The Court will grant Plaintiff the requested extension.

**Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

---
[1] "Doc.#" refers to the docket number of filings in this case.

in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint was dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the Order filed on June 11, 2009, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order and the Order filed on Jule 11, 2009, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's motion for an extension of time until August 9, 2009 in which to file a First Amended Complaint is **granted**. (Doc.# 6.)

(2) Plaintiff has until **August 9, 2009** to file a first amended complaint in compliance with the Order filed on June 11, 2009, doc.# 4.

(3) If Plaintiff fails to file an amended complaint no later than **August 9, 2009**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 10th day of July, 2009.

_____
Mary H. Murguia
United States District Judge